38 F.3d 610
 309 U.S.App.D.C. 35
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Evans RAY, Appellant.
 No. 91-3197.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 4, 1994.
 
 Before: SULBERMAN, WILLIAMS, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the district court appealed from in this case is hereby affirmed. Appellant's argument that the evidence presented at trial was insufficient to sustain his conviction for using a firearm during and in relation to a drug trafficking offense must fail by virtue of our opinion this day in United States v. Bailey, No. 90-3119, slip op. at 14-21 (D.C.Cir. Oct. 4, 1994) (en banc ). The evidence at trial indicated that appellant had been observed selling drugs in proximity to a car, that after the transaction he placed the proceeds in the passenger compartment of the car, and that on inspection after his arrest, the trunk of the car was discovered to contain a loaded semi-automatic pistol. In Bailey, we established:
 
 
 3
 Whenever there is sufficient evidence for a jury to find that the defendant at some time during the commission of the predicate drug offense put or kept a firearm in a place where it would be proximate to and accessible from a place that is clearly connected to his drug trafficking (i.e., a place used to store, manufacture, or distribute drugs, or to keep the proceeds of drug transactions), the jury may also infer that the gun was being used to protect the drug trafficking operation, and was therefore being used in violation of Sec. 924(c)(1).
 
 
 4
 Id. at 19. The evidence presented to the jury satisfies this test. It is, moreover, substantially identical to the evidence that we held sufficient to sustain the conviction of the defendant in Bailey. See id. at 21-22.
 
 
 5
 Nor do we find plain error in the district court's failure to elucidate the meaning of "in relation to" in charging the jury on this count. We agree with the Sixth Circuit's conclusion that "[t]he phrase 'in relation to' is neither uncommon nor ambiguous; its content is not so arcane as to require exhaustive judicial exposition," and thus a charge limited to the statutory language "contains no error--plain or otherwise--to warrant reversal." United States v. Morrow, 977 F.2d 222, 227 (6th Cir.1992) (en banc ). The words "in relation to" admit to ordinary meaning and adequately serve to indicate the relationship that must be established between the predicate drug offense and the defendant's use of a firearm. It is
 
 
 6
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.